# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| John J. Dackweiler, Jr., | : | Case No.  21-10166 – PMM |
| | : | |
| **Debtor.** | : | |

## ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** on May 24, 2021, the Creditor PSECU filed a reaffirmation agreement (the "Reaffirmation Agreement"), Doc. # 28, with the debtor John Dackweiler, Jr. ("the Debtor");

**AND**, the Debtor having been discharged on May 21, 2021, see Doc. #24;

**AND**, it appearing that the Reaffirmation Agreement was entered into prior to the discharge having been entered on May 21, 2021;[1]

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreements;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

---

[1] Section 524(c)(1) requires only that a reaffirmation agreement be "made before the granting of the discharge." Section 524 does not require that the reaffirmation agreement be filed with the Court prior to the entry of the discharge. See In re Suber, 2007 Bankr. LEXIS 4613, at *4 (Bankr. D.N.J. Aug. 13, 2007) (noting that "unlike §524(c)(1), subsection (c)(3) does not set forth a time limit for filing the reaffirmation agreement"); In re Davis, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001) (holding "where it can be shown that the reaffirmation agreement was 'made,' i.e., signed, before the granting of the discharge, then the reaffirmation agreement may be 'filed' after the granting of the discharge").

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreements;

**AND**, 11 U.S.C. §524(m)(1) being inapplicable to a credit union pursuant to 11 U.S.C. §524(m)(2);

It is hereby **ORDERED** and **DETERMINED** that:

1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary.  See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions).

Date: June 8, 2021

*Patricia M. Mayer*
_____
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**