United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-10166-pmm |
| John J. Dackweiler, Jr. | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 1 |
| Date Rcvd: Jun 09, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + John J. Dackweiler, Jr., 509 Caramist Circle, Sinking Spring, PA 19608-8111 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2021              Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| JOHN A. DIGIAMBERARDINO | on behalf of Debtor John J. Dackweiler Jr. jad@cdllawoffice.com, dmk@cdllawoffice.com |
| REBECCA ANN SOLARZ | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bkgroup@kmllawgroup.com |
| ROBERT H. HOLBER | trustee@holber.com rholber@ecf.axosfs.com |
| ROBERT H. HOLBER | on behalf of Trustee ROBERT H. HOLBER trustee@holber.com rholber@ecf.axosfs.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| | : | |
| **John J. Dackweiler, Jr.,** | : | **Case No.  21-10166 – PMM** |
| | : | |
| **Debtor.** | : | |

### ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** on May 24, 2021, the Creditor PSECU filed a reaffirmation agreement (the "Reaffirmation Agreement"), Doc. # 28, with the debtor John Dackweiler, Jr. ("the Debtor");

**AND**, the Debtor having been discharged on May 21, 2021, see Doc. #24;

**AND**, it appearing that the Reaffirmation Agreement was entered into prior to the discharge having been entered on May 21, 2021;[1]

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreements;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

---

[1] Section 524(c)(1) requires only that a reaffirmation agreement be "made before the granting of the discharge." Section 524 does not require that the reaffirmation agreement be filed with the Court prior to the entry of the discharge. See In re Suber, 2007 Bankr. LEXIS 4613, at *4 (Bankr. D.N.J. Aug. 13, 2007) (noting that "unlike §524(c)(1), subsection (c)(3) does not set forth a time limit for filing the reaffirmation agreement"); In re Davis, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001) (holding "where it can be shown that the reaffirmation agreement was 'made,' i.e., signed, before the granting of the discharge, then the reaffirmation agreement may be 'filed' after the granting of the discharge").

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreements;

**AND**, 11 U.S.C. §524(m)(1) being inapplicable to a credit union pursuant to 11 U.S.C. §524(m)(2);

It is hereby **ORDERED** and **DETERMINED** that:

1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary.  See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions).

Date: June 8, 2021

_____
PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE